IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KEVIN SANDS AND JASON GOLDBERG**, Co-Personal Representatives of the Estate of Beverly Jane Sands, deceased, and **JOHN SANDS**, individually, | ) ) ) ) ) | CASE ID: |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) ) ) ) ) ) | **COMPLAINT** **(Wrongful Death, Survivorship, and Loss of Consortium)** |
| **INTEGRATED CARDIOLOGY GROUP, L.L.C.**; **BRYAN HEALTH**; **BRYAN MEDICAL CENTER**, **ZACHARY M. SINGSANK, D.O.**; **AND ROBERT A. OAKES, M.D.**, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ALLEGATIONS COMMON TO ALL COUNTS**

The above-named Plaintiffs, for their respective causes of action against the above-named Defendants, state as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action arising out of health care services provided or not provided to Beverly Jane Sands ("Ms. Sands") on or about August 17, 2021, by, individually and/or collectively, the following: (a) Defendant Integrated Cardiology Group, L.L.C., a Nebraska corporation ("ICG"); (b) Defendant Bryan Health, a Nebraska non-profit corporation ("BH"); (c) Defendant Bryan Medical Center, a Nebraska non-profit corporation ("BMC"); (d) Defendant Zachary M. Singsank, D.O. ("Dr. Singsank"); and (e) Defendant Robert A. Oakes, M.D. ("Dr. Oakes" and together with ICG, BH, BMC and Dr. Singsank are each individually referred to herein as, a "Defendant" and collectively as, the "Defendants").

2. The health care services provided or not provided to Ms. Sands by one or more of

the Defendants on or about August 17, 2021, resulted in Defendants negligently putting a hole in the aorta of Ms. Sands, causing her to effectively bleed to death on the surgical table.

3. Plaintiffs seek recovery of all damages allowed by law, and specifically for the separate causes of action pled in more detail below.

4. Plaintiffs seek to recover damages for separate and distinct occurrences and injuries including, but not limited to, pre-death personal injuries and suffering, loss of Ms. Sands' society, comfort and companionship, and medical expenses, and loss of consortium.

## PARTIES AND JURISDICTION

5. This Court has jurisdiction under 28. U.S.C. §1332.

6. At all times relevant, Ms. Sands, the decedent, was a citizen and resident of the State of Missouri.

7. At all times relevant herein, Mr. Sands, the surviving spouse of Ms. Sands, was a citizen and resident of Tarkio Township, Atchison County, Missouri, with his domicile in the State of Missouri. Mr. Sands brings suit in his own individual capacity.

8. At all times relevant herein and prior to her death, Ms. Sands resided with Mr. Sands and was a citizen and resident of Tarkio Township, Atchison County, Missouri, with her domicile in the State of Missouri.

9. Subsequent to Ms. Sands' passing, the Estate of Beverly Jane Sands, deceased, was established in the 4th Judicial Circuit Court, Atchison County, Missouri. Kevin Sands, a citizen and resident of the State of Georgia, and Jason Goldberg, a citizen and resident of the State of Colorado, have been appointed as Co-Personal Representatives of the Estate of Beverly Jane Sands, deceased.

10. At all times relevant hereto, ICG has been a Nebraska corporation, and has been engaged, in whole or in part, in the business of providing health care goods and services to members of the general public, on an inpatient or outpatient basis, including but not limited to Ms. Sands.

11. At all times relevant hereto, ICG employed physicians, nurses, technicians, agents and/or other health care professionals (collectively, the "ICG Staff") to provide health care goods and services on an inpatient and/or outpatient basis to members of the general public including, but not limited to, Ms. Sands.

12. As a matter of law, the negligent acts and/or omissions of the ICG Staff are imputed to ICG, and therefore, ICG is vicariously liable for all such negligent acts and/or omissions by the ICG Staff.

13. At all times relevant herein, BH was a Nebraska non-profit corporation engaged in the business of providing health care and health care-related services on an inpatient and/or outpatient basis to members of the general public including, but not limited to, Ms. Sands.

14. At all times relevant herein, BH employed physicians, nurses, technicians, other health care professionals, agents, ostensible or apparent agents, servants, and/or employees (collectively, the "BH Staff") to provide health care goods and services on an inpatient and/or outpatient basis to members of the general public including, but not limited to, Ms. Sands.

15. As a matter of law, the negligent acts and/or omissions of the BH Staff are imputed to BH and, therefore, BH is vicariously liable for all such negligent acts and/or omissions by the BH Staff.

16. At all times relevant herein, Bryan Medical Center ("BMC") was a Nebraska non-profit corporation organized and operated exclusively for charitable and scientific purposes and it operated its business under the registered service mark of "Bryan Medical Center."

17. At all times relevant herein, BMC, in whole or in part, engaged in the business of providing comprehensive health care goods and services, as well as owning and operating health care facilities including, but not limited to, that certain health care facility more commonly known as "Bryan Medical Center" located at 1600 South 48th Street, Lincoln, Nebraska 68506-1299 (the "Hospital"). BMC provided health care goods and services on an inpatient and/or outpatient basis to members of the general public including, but not limited to, Ms. Sands.

18. At all times relevant herein, BMC employed physicians, nurses, technicians, other health care professionals, agents, ostensible or apparent agents, servants, and/or employees (collectively, the "BMC Staff") at the Hospital to provide health care goods and services on an inpatient and/or outpatient basis to members of the general public including, but not limited to, Ms. Sands.

19. As a matter of law, the negligent acts and/or omissions of the BMC Staff are imputed to BMC and, therefore, BMC is vicariously liable for all such negligent acts and/or omissions by the BMC Staff.

20. At all times relevant hereto, Dr. Singsank, was a doctor of osteopathic medicine engaged in the practice of his profession in City of Lincoln, Lancaster County, Nebraska, and held himself out to be a skilled a competent doctor.

21. At all times relevant hereto, Dr. Singsank was an employee, agent, servant, director and/or ostensible or apparent agent of ICG, BH and/or BMC, acting in the course and scope of his employment or other business relationship with ICG, BH and/or BMC.

22. As a matter of law, the negligent acts and/or omissions of Dr. Singsank are imputed to ICG, BH and/or BMC, and ICG, BH and/or BMC is vicariously liable for all such negligent acts and/or omissions.

23. At all times relevant hereto, Dr. Oakes, was a medical doctor engaged in the practice of his profession in the City of Lincoln, Lancaster County, Nebraska, and held himself out to be a skilled a competent doctor.

24. At all times relevant hereto, Dr. Oakes was an employee, agent, servant, director and/or ostensible or apparent agent of ICG, BH and/or BMC, acting in the course and scope of his employment or other business relationship with ICG, BH and/or BMC.

25. As a matter of law, the negligent acts and/or omissions of Dr. Oakes are imputed to ICG, BH and/or BMC, and ICG, BH and/or BMC is vicariously liable for all such negligent acts and/or omissions.

### JURISDICTION

26. This Court has jurisdiction under 28. U.S.C. §1332.

27. As of the date hereof, Mr. Sands is a citizen and resident of the State of Missouri.

28. Prior to her death, Ms. Sands was a citizen and resident of the State of Missouri. Subsequent to Ms. Sands' passing, the Estate of Beverly Jane Sands, deceased, was established in the in the 4th Judicial Circuit Court, Atchison County, Missouri, and Kevin Sands, a citizen and resident of the State of Georgia, and Jason Goldberg, a citizen and resident of the State of Colorado, were each appointed as a Co-Personal Representative of said estate.

29. As of the date hereof and upon information and belief, all Defendants are citizens and residents of the State of Nebraska.

30. Pursuant to Neb. Rev. St. § 25-536(1)(c), this Court has personal jurisdiction over each of the corporate defendants, because agents, servants and/or employees of each of the

corporate defendants committed tortious acts in Lancaster County, Nebraska, as more fully set out below.

31. Pursuant to Neb. Rev. St. § 25-536(1)(c), this Court has personal jurisdiction over each of Dr. Singsank, and Dr. Oakes, because each of them committed tortious acts in Lancaster County, Nebraska, as more fully set out below.

32. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

33. Venue lies in this Court as the negligent acts and/or omissions complained of herein occurred in Lancaster County, Nebraska.

## STATEMENT OF FACTS

34. On August 17, 2021, Dr. Singsank and Dr. Oakes were performing a transcatheter aortic valve ("TAVR") replacement (the "TAVR Procedure") on Ms. Sands.

35. Prior to the TAVR Procedure Defendants had obtained complete imaging of Ms. Sands anatomy, including the entire course of the abdominal aorta and thoracic aorta.

36. During the TAVR Procedure, as Defendants were advancing the TAVR system with intraoperative fluoroscopy from the abdominal aorta into the thoracic aorta, they advanced the wire and catheter through the lateral wall of the aorta, creating a hole in the aorta.

37. As a direct result of the hole created by one or more of the Defendants, Ms. Sands suffered an injury to her aorta.

38. Thereafter, while attempting to balloon tamponade the area, one or more of the Defendants caused the catheter system to further protrude considerably outside the aorta, leading to further bleeding and hypotension.

39. Due to the above events, Ms. Sands died.

40. ICG, BH, and BMC failed to have policies, protocols, and procedures relating to Ms. Sands procedure.

## NEBRASKA HOSPITAL-MEDICAL LIABILITY ACT

41. If any Defendant claims that, at all times relevant hereto, it/he was covered by and in compliance with the Nebraska Hospital-Medical Liability Act, § 44-2801 et. seq. R.R.S. 1943, as amended (the "Act"), and seeks the benefits of the Act, Plaintiffs demand strict proof of such coverage and compliance. Plaintiffs specifically allege the Defendants, and each of them, failed to properly qualify, and thus, are not entitled to any benefits under the Act.

42. Notwithstanding any filing by any Defendant for the special benefits, privileges and protection of the Act, Defendants, and each of them, failed to meet their statutorily mandated duties pursuant to the Act, and, as a result, deprived Ms. Sands of her right to either elect not to be bound by the Act, or seek healthcare services from a non-qualified healthcare provider (as such term is defined under the Act).

43. Notwithstanding any filing by Defendants for the special benefits, privileges and protection of the Act, Plaintiffs allege that the Act is unconstitutional in whole or in part, as it fails to promote the health, safety or general welfare of the public, and the Act limits, without any reasonable bases the damages which a plaintiff may obtain and such limitations serve no legitimate state interest. Plaintiffs also allege that the Act is unconstitutional in whole or in part because it violates the Seventh (7th) and Fourteenth (14th) Amendments to the Constitution of the United States, as well as the following provisions of the Constitution of the State of Nebraska: Article I , §§ I , 3, 6, 13, 16, 21, 25, 26; Article II, § 1; Article III, §18; Article V, § 2; Article VI, § 1 and Article XII, § 10(c).

44. Plaintiffs hereby affirmatively waive their right for a medical review panel to review their claims hereto against Defendants as provided by the Act and elect to file this action directly in the United States District Court for the District of Nebraska.

45. A copy of this Complaint is hereby served upon the Director of the State of Nebraska Department of Insurance, together with a copy upon the Attorney General of the State of Nebraska.

### COUNT I – WRONGFUL DEATH

For their Count I claim against ICG, BH, BMC, Dr. Singsank and Dr. Oakes, Plaintiffs incorporate by reference Paragraphs 1 through 45 of the Allegations Common to All Counts and allege:

1. As a result of the health care provider-patient relationship between ICG and Ms. Sands, between BH and Ms. Sands, and BMC and Ms. Sands, the ICG Staff, the BH Staff and the BMC Staff owed Ms. Sands a duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other health care providers and members of their respective professions engaged in a similar practice.

2. ICG, the ICG Staff, BH, the BH Staff, BMC and the BMC Staff breached their respective duties to Ms. Sands to possess and use the care, skill, and knowledge ordinarily

possessed and used under like circumstances by other health care providers and members of their respective professions engaged in a similar practice because, in one or more of the following ways, each of them:

    a. Failed to assess, monitor, and/or manage Ms. Sands' medical condition following her admission to the Hospital;

    b. Failed to have appropriate policies, protocols, and/or procedures relating to Ms. Sands' procedure;

    c. Failed to ensure that its physicians and employees received adequate and thorough training in the type of surgical procedure performed on Ms. Sands;

    d. Failed to take appropriate safeguards to avoid perforating Ms. Sands aorta;

    e. Negligently perforated Ms. Sands' aorta;

    f. Failed to timely repair Ms. Sands' perforated aorta;

    g. Failed to promulgate and/or comply with appropriate protocols, policies, procedures and guidelines relevant to the TAVR Procedure performed on Ms. Sands;

    h. Failed to communicate and/or deliver proper in-house education to their employees relevant to the TAVR Procedure performed on Ms. Sands;

    i. Failed to adhere to communicated in-house education relevant to the TAVR Procedure performed on Ms. Sands; and

    j. Were otherwise negligent in a manner not presently known to Plaintiffs.

3. As a result of the doctor-patient relationship between Dr. Singank and Ms. Sands, Dr. Singsank owed Ms. Sands a duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other doctors engaged in a similar practice.

4. As a result of the physician-patient relationship between Dr. Oakes and Ms. Sands, Dr. Oakes owed Ms. Sands a duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other physicians engaged in a similar practice.

5. Each of Dr. Singsank and Dr. Oakes breached their respective duties to Ms. Sands to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other doctors/physicians engaged in a similar practice because, in one or more of the following ways, each of Dr. Singsank and Dr. Oakes:

    a. Failed to appropriately work-up Ms. Sands;

    b. Failed to timely recognize the anatomic course of Ms. Sands' aorta;

    c. Failed to take appropriate safeguards to avoid perforating Ms. Sands' aorta;

    d. Negligently perforated Ms. Sands' aorta;

    e. Failed to timely repair Ms. Sands' perforated aorta;

    f. Failed to ensure Ms. Sands' hemodynamic stability during the TAVR Procedure; and

    g. Were otherwise negligent in a manner not presently known to Plaintiffs.

6. As a result of the joint and several negligence of: (a) the ICG Staff, for which ICG is vicariously liable; (b) the BH Staff, for which BH is vicariously liable; (c) the BMC Staff, for which ICG is vicariously liable; (d) Dr. Singsank, for which ICG, BH and/or BMC is vicariously liable; and (e) Dr. Oakes, for which ICG, BH and/or BMC is vicariously liable, Ms. Sands suffered a perforated aorta and died on August 17, 2021.

7. As a result of the death of Ms. Sands, Kevin Sands and Jason Goldberg, each in their respective capacity as a Co-Personal Representative of the Estate of Beverly Jane Sands, deceased, suffered the following damages:

    a. The loss of Ms. Sands' support, including but not limited to, the following:

        i. The lost income that Ms. Sands' family derived from her; and

        ii. The loss of Ms. Sands' household services (*i.e.*, those services that are provided by Ms. Sands' to her family).

    b. The pecuniary value of – but not limited to – the loss of Ms. Sands':

        i. Society;

        ii. Comfort; and

        iii. Companionship.

    c. Other damages, the nature and extent of which are not presently known.

**WHEREFORE**, Kevin Sands and Jason Goldberg, each in their capacity as the Co-Personal Representative of Beverly Jane Sands, deceased, prays for judgment against ICG, BH, BMC, Dr. Singsank, and Dr. Oakes for special and general damages plus interest, costs, attorneys' fees and expenses as may be allowed by law, and for such further relief as this Court may deem just and proper under the circumstances.

## COUNT II – INFORMED CONSENT

For the Count II claim against Dr. Singsank and Dr. Oakes, Ms. Sands, via the Estate of

Beverly Jane Sands, deceased, incorporates by reference Paragraphs 1 through 45 of the Allegations Common to All Counts and alleges:

1. The circumstances of Ms. Sands were such that a reasonably prudent health care provider in the same or similar circumstances, would have obtained informed consent for all operations, treatments or procedures performed on or provided to Ms. Sands.

2. As a result of the physician-patient relationship between Dr. Singsank and Ms. Sands, Dr. Singsank owed a duty to Ms. Sands to obtain her informed consent for all operations, treatments, delay in treatments, or procedures, by providing Ms. Sands with information which would ordinarily be provided to a patient under like circumstances by health care providers engaged in a similar practice.

3. Dr. Singsank breached his duty to Ms. Sands by failing to provide her with information that would ordinarily be provided to a patient under like circumstances by health care providers engaged in a similar practice, in part because Dr. Singsank negligently failed to advise Ms. Sands of the inherent risks, benefits, indications for particular procedures, and alternative procedures in caring for and treating her, and thereby failed to obtain informed consent of Ms. Sands.

4. As a result of the physician-patient relationship between Dr. Oakes and Ms. Sands, Dr. Oakes owed a duty to Ms. Sands to obtain her informed consent for all operations, treatments, delay in treatments, or procedures, by providing Ms. Sands with information which would ordinarily be provided to a patient under like circumstances by health care providers engaged in a similar practice.

5. Dr. Oakes breached her duty to Ms. Sands by failing to provide her with information that would ordinarily be provided to a patient under like circumstances by health care providers engaged in a similar practice, in part because Dr. Oakes negligently failed to advise Ms. Sands of the inherent risks, benefits, indications for particular procedures, and alternative procedures in caring for and treating her, and thereby failed to obtain informed consent of Ms. Sands.

6. As a result of the above-described failures of Dr. Singsank and Dr. Oakes to obtain the informed consent of Ms. Sands, Ms. Sands sustained the injuries described in Count I of this Complaint.

**WHEREFORE**, Kevin Sands and Jason Goldberg, each in their capacity as the Co-Personal Representative of Beverly Jane Sands, deceased, prays for judgment against Dr. Singsank

and Dr. Oakes, and each of them, for special and general damages plus interest, costs, attorneys' fees and expenses as may be allowed by law, and for such further relief as the court may deem just and proper under the circumstances.

### COUNT III – SURVIVAL ACTION

For her Count III claim against ICG, BH, BMC, Dr. Singsank and Dr. Oakes, Plaintiffs incorporate by reference Paragraphs 1 through 45 of the Allegations Common to All Counts and allege:

1. As a result of the health care provider-patient relationship between ICG and Ms. Sands, between BH and Ms. Sands, and BMC and Ms. Sands, the ICG Staff, the BH Staff and the BMC Staff owed Ms. Sands a duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other health care providers and members of their respective professions engaged in a similar practice.

2. ICG, the ICG Staff, BH, the BH Staff, BMC and the BMC Staff breached their duties to Ms. Sands to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other health care providers and members of their respective professions engaged in a similar practice because, in one or more of the following ways, each of them:

   a. Failed to assess, monitor, and/or manage Ms. Sands' medical condition following her admission to the Hospital;
   b. Failed to have appropriate policies, protocols, and/or procedures relating to Ms. Sands procedure;
   c. Failed to ensure that its physicians and employees received adequate and thorough training in the type of surgical procedure performed on Ms. Sands;
   d. Failed to take appropriate safeguards to avoid perforating Ms. Sands' aorta;
   e. Negligently perforated Ms. Sands' aorta;
   f. Failed to timely repair Ms. Sands' perforated aorta;
   g. Failed to promulgate and/or comply with appropriate protocols, policies, procedures and guidelines relevant to the TAVR Procedure performed on Ms. Sands;
   h. Failed to communicate and/or deliver proper in-house education to their employees relevant to the TAVR procedure performed on Ms. Sands;

    i. Failed to adhere to communicated in-house education relevant to the TAVR Procedure performed on Ms. Sands; and

    j. Were otherwise negligent in a manner not presently known to Plaintiffs.

  3. As a result of the doctor-patient relationship between Dr. Singank and Ms. Sands, Dr. Singsank owed Ms. Sands a duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other doctors engaged in a similar practice.

  4. As a result of the physician-patient relationship between Dr. Oakes and Ms. Sands, Dr. Oakes owed Ms. Sands a duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other physicians engaged in a similar practice.

  5. Each of Dr. Singsank and Dr. Oakes breached their respective duty to Ms. Sands to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other doctors/physicians engaged in a similar practice because, in one or more of the following ways, each of Dr. Singsank and Dr. Oakes:

    a. Failed to appropriately work-up Ms. Sands;

    b. Failed to timely recognize the anatomic course of Ms. Sands aorta;

    c. Failed to take appropriate safeguards to avoid perforating Ms. Sands aorta;

    d. Negligently perforated Ms. Sands' aorta;

    e. Failed to timely repair Ms. Sands' perforated aorta;

    f. Failed to ensure Ms. Sands' hemodynamic stability during the TAVR Procedure; and

    g. Were otherwise negligent in a manner not presently known to Plaintiffs.

  6. As a result of the joint and several negligence of: (a) the ICG Staff, for which ICG is vicariously liable; (b) the BH Staff, for which BH is vicariously liable; (c) the BMC Staff, for which ICG is vicariously liable; (d) Dr. Singsank, for which ICG, BH and/or BMC is vicariously liable; and (e) Dr. Oakes, for which ICG, BH and/or BMC is vicariously liable, Ms. Sands suffered a perforated aorta and died on August 17, 2021.

  7. As a direct and proximate result of the above-described joint and several negligence of the Defendants, and each of them, Ms. Sands underwent medical procedures and incurred medical expenses which would not otherwise have been necessary, and suffered other pre-death damages and pecuniary losses for which recovery is allowed by law, including, but not limited to, the following:

     a. Medical expenses;

     b. Funeral costs and burial expenses;

     c. Pain;

     d. Suffering;

     e. Inconvenience;

     f. Mental suffering/anguish;

     g. Emotional distress;

     h. Loss of society and companionship;

     i. Loss of consortium;

     j. Injury to reputation;

     k. Humiliation; and

     l. Other damages, the nature and extent of which are not presently known.

**WHEREFORE**, Kevin Sands and Jason Goldberg, each in their capacity as the Co-Personal Representative of Beverly Jane Sands, deceased, pray for judgment against ICG, BH, BMC, Dr. Singsank and Dr. Oakes, and each of them, for special damages in an amount undetermined at this time, for all general damages allowable under the laws of the State of Nebraska, and for such other and further relief as the Court may deem just and equitable under the circumstances.

### COUNT IV – LOSS OF CONSORTIUM

For his Count IV claim against ICG, BH, BMC, Dr. Singsank and Dr. Oakes, and each of them, Mr. Sands incorporates by reference Paragraphs 1 through 45 of the Allegations Common to All Counts and alleges:

1. At all times relevant herein and prior to Ms. Sands' death, Mr. Sands and Ms. Sands were husband and wife.

2. As a direct and proximate result of the injuries sustained by and the death of Ms. Sands, Mr. Sands has been deprived of the services of his wife and has suffered a loss of consortium.

3. Such services of Ms. Sands, include but are not limited to, a past, present and future impairment or diminishment in the services, society, affection, care, comfort, companionship and conjugal rights of his wife.

**WHEREFORE**, John Sands, individually, prays for judgment against all Defendants, and

each of them, for special damages in an amount undetermined at this time, for all general damages allowable under the laws of the State of Nebraska, and for such other and further relief as the Court may deem just and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request that trial by jury of the foregoing action be held in the City of Omaha, Douglas County, Nebraska, and that the case be calendared accordingly.

DATED, this 23rd day of February, 2022.

**KEVIN SANDS AND JASON GOLDBERG,** Co-Personal Representatives of the Estate of Beverly Jane Sands, deceased, and **JOHN SANDS,** Individually, Plaintiffs

By: /s/ Patrick J. Cullan
Patrick J. Cullan, #23576
Joseph P. Cullan, #22145
Cullan & Cullan L.L.C.
1113 Harney Street
Omaha, Nebraska 68102
Telephone: (402) 397-7600
Facsimile: (402) 397-3816
Email: pat@cullanlaw.com
joe@cullanlaw.com
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing Complaint was served on the parties herein by sending said document via United States Postal Service, first-class postage prepaid, addressed to the following on this 23rd day of February, 2022.

**Douglas J. Peterson**
Attorney General of the State of Nebraska
2115 State Capitol
Lincoln, Nebraska 68509
Telephone: (402) 471-2683

-and-

– 14 –

**Eric Dunning**
Director, Nebraska Department of Insurance
1526 K Street, Suite 200
Lincoln, Nebraska 68508-2734

/s/ Patrick J. Cullan