IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN SANDS, Co-Personal Representatives of the Estate of Beverly Jane Sands, deceased; JASON GOLDBERG, Co-Personal Representatives of the Estate of Beverly Jane Sands, deceased; and JOHN SANDS, Individually;<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRATED CARDIOLOGY GROUP, L.L.C., BRYAN HEALTH, BRYAN MEDICAL CENTER, ZACHARY M. SINGSANK, D.O.; and ROBERT A. OAKES, M.D.;<br><br>Defendants. | 8:22CV72<br><br>**MEMORANDUM AND ORDER** |

This action was filed on February 23, 2022 by Plaintiffs, who requested the trial take place in Omaha, Nebraska. Defendants have moved to change the trial location to Lincoln, Nebraska, citing the convenience of the litigants, witnesses, and attorneys. (Filing No. 16). Defendants note that the only apparent tie to Omaha is the location of Plaintiffs' counsel. Plaintiffs have filed a motion to strike the evidentiary materials and Defendants' reply brief as to Defendants' motion. Plaintiffs have also requested to file a sur-reply brief. (Filing No. 16). For the reasons discussed below, Defendants' motion will be granted, and this case will be tried in Lincoln. Plaintiffs' motion to strike will be denied as moot.

Under the court's rules, when deciding the place of trial "The judge shall consider the convenience of litigants, witnesses and counsel," NECivR 40.1(b)(1), with the convenience of the litigants and witnesses generally afforded greater

weight than the convenience of counsel. Bank of Beaver City v. Southwest Feeders, L.L.C., No. 4:10CV3209, 2011 WL 116863, at *1 (D. Neb. Jan. 13, 2011).

This is a medical malpractice action allegedly arising out of care provided in Lincoln, Nebraska. The plaintiffs are: 1) John Sands, individually, as the surviving spouse of Beverly Jane Sands; (2) Kevin Sands, co-personal representative for the estate of Ms. Sands; and (3) Jason Goldberg, co-personal representative. John Sands resides in Missouri, Kevin Sands resides in Georgia, and Jason Goldberg resides in Colorado. (Filing No. 1 at CM/ECF p. 2).

Plaintiffs assert that they each plan to travel to Nebraska via airplane and the travel arrangements to and from Omaha would be easier and more economical than traveling to and from Lincoln. This court has found, on more than one occasion, that when considering witnesses and attorneys residing outside of Nebraska, any inconvenience to those individuals in having to travel to Lincoln rather than Omaha would be slight.[1] Aurora Co-op Elevator Co. v. Aventine Renewable Energy - Aurora West., LLC, No. 8:12CV230, 2012 WL 3834829, at *1 (D. Neb. Sept. 4, 2012), citing Williams Solutions, Inc. v. Cambian Net Markets, Inc., No. 8:09CV97, 2009 WL 982171, *2 (D.Neb. Apr. 13, 2009) (stating that witnesses residing outside Nebraska "may just as conveniently travel to Lincoln as to Omaha, Nebraska"). Plaintiffs argue that "each of them agreed to shoulder the burden of appearing in Omaha and so any perceived inconvenience to each of the Plaintiffs should not be taken into consideration." (Filing No. 20 at CM/ECF p. 5). This exact argument was made and rejected by this court in Lopez v. Tyson Foods, Inc., No. 8:06CV459, 2006 WL 2668453, at *2 (D. Neb. Sept. 15, 2006)

---

[1] The court notes that Defendants assert and have proffered evidence showing that at least for Plaintiff John Sands, air travel is an unlikely choice given that it is approximately 93 miles to the courthouse in Lincoln, and approximately 83 miles to the courthouse in Omaha. (Filing No. 22 at CM/ECF p. 5). In light of the case law in this circuit, cited above, each of the Plaintiffs' method of travel from outside of Nebraska is not necessarily a material concern in weighing the relative inconvenience between a trial in Lincoln and a trial in Omaha,

Plaintiffs argue that Drs. Singsank and Oakes did not provide evidence or affidavits showing they reside in Lincoln and they did not support their claim that Lincoln is their "sole location to practice medicine." (Filing No. 20 at CM/ECF p. 5). Plaintiffs are correct that when filing their motion, Defendants did not file evidence stating Lincoln is the sole practice location and/or residence of the individual Defendants. But even if the court ignores the information offered in the Defendants' reply brief and index,[2] the Complaint itself demonstrates that this case is more strongly tied to Lincoln than Omaha. The complaint states "the negligent acts and/or omissions complained of herein occurred in Lancaster County, Nebraska." (Filing No. 1 at CM/ECF p. 5). The only address specifically listed in Plaintiffs' complaint is for the Bryan Medical Center, "located at 1600 South 48th Street, Lincoln, Nebraska," and the complaint identifies Bryan Medical Center as the hospital where Ms. Sands was admitted for treatment. (Filing No. 1 at CM/ECF pp. 3, 10). Plaintiffs also allege that at all times relevant to this action, Drs. Singsank and Oakes were "engaged in the practice of [their] profession in City of Lincoln, Lancaster County, Nebraska." (Filing No. 1 at CM/ECF p. 4). Plaintiffs have conceded that each of the entity defendants have at least one location in Lincoln. (Filing No. 20 at CM/ECF p. 5). Since Plaintiffs' Complaint fully supports transfer to Lincoln, the court need not and has not considered Defendants' reply brief and evidence in determining the outcome of Defendants' motion to change place of trial. Plaintiffs' motion to strike will therefore be denied as moot.

---

[2] With their Reply, Defendants offered affidavits stating Bryan Health, Bryan Medical Center and Integrated Cardiology Group, L.L.C. are headquartered and located in Lincoln and the officers, directors, employees, or other representatives are based in Lincoln. Similarly, Defendants provided affidavits stating Dr. Singsank and Dr. Oakes live and practice medicine in Lincoln, and do not practice in Omaha. (Filing No. 22). Although the Local Rules in this district prevent parties from raising new grounds for relief in a reply brief without leave of court, Defendants' evidence need not be stricken when it corroborates rather than refutes allegations within Plaintiffs' Complaint.

Plaintiffs argue that because Defendants have not provided the court with a list of witnesses, the court cannot find that Lincoln is the appropriate place for trial. At this early stage, Defendants are not required to provide a detailed list of each witness they intend to call. It is sufficient that the entity defendants are located in Lincoln and the individual defendants work in Lincoln as "an employee, agent, servant, director and/or ostensible or apparent agent of ICG, BH and/or BMC" (Filing No. 1 at CM/ECF p. 4). Further, Plaintiffs' claim arises from medical care provided in Lincoln, so it is logical to assume that the Lincoln would be the most convenient place of trial for most, if not all, of the treatment providers and Defendants' likely witnesses.

Plaintiffs argue that the distance any potential witness would be required to travel from Lincoln to trial in Omaha can "hardly be categorized as 'oppressive.'" But Plaintiffs also argue that the same distance creates a "significant difference in travel time and expense" for counsel. (Filing No. 20 at CM/ECF p. 6). Defendants' counsel is located in Omaha and Plaintiffs' counsel is located in Lincoln. So, the convenience of counsel is a neutral factor with regard to the motion to change the place of trial, and in any event, greater weight is placed upon the convenience of the litigants and witnesses. Here, other than the location of counsel for Plaintiffs, this case has no connection to Omaha, Nebraska. See Nielsen v. Leiva, No. 4:16CV3047, 2016 WL 1642625, at *1 (D. Neb. Apr. 25, 2016)

Finally, Plaintiffs' argue that additional weight must be given to Plaintiffs' choice to file in Omaha, predominantly citing case law related to 28 U.S.C. § 1404(a).[3] While the analysis for determining the appropriate trial location is similar to the analysis used when determining the appropriate venue, the analysis is not

---

[3] Filing No. 20, See BASF Corp. v. Symington, 50 F.3d 555, 557 (8th Cir. 1994) (stating "The plaintiffs' choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.")

identical. Plaintiffs chose to file this case in the United States District Court for the District of Nebraska, a forum with trial locations in Lincoln, Omaha, and North Platte. Moving the trial location to Lincoln does effectuate a transfer of venue under 28 U.S.C. § 1404(a). Under this court's Local Rules, the court need not afford greater weight to Plaintiffs' choice of an Omaha trial location when Lincoln is more convenient for the litigants and likely witnesses.

Upon consideration,

IT IS ORDERED:

1) The Motion to Change Place of Trial is granted. (Filing No. 16).

2) Defendants' Motion to Strike is denied as moot. (Filing No. 23).

3) The trial of this case will be held in Lincoln, Nebraska.

Dated this 19th day of April, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge